**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-7046**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TONY MARICHAL SHARP, a/k/a TJ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:13-cr-00237-D-2)

Submitted: December 16, 2021                     Decided: December 20, 2021

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Tony Marichal Sharp, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Marichal Sharp appeals the district court's order denying his 28 U.S.C. § 2255 motion and his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Regarding the denial of relief under § 2255, the district court's order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Sharp has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss this portion of the appeal.

Turning to the denial of Sharp's compassionate release motion, we review the district court's order for abuse of discretion. *See United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021), *cert. denied*, No. 21-5624, 2021 WL 4733616 (U.S. Oct. 12, 2021). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider

2

judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

We conclude that the district court did not abuse its discretion in finding that the 18 U.S.C. § 3553(a) factors did not warrant release. Therefore, we affirm this portion of the district court's order. We deny the motion to seal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*